```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Yvonne M. Watson, et al.,          :

    Plaintiffs,                    :

        v.                         :     Case No. 2:07-cv-0777

Citi Corp.,                        :     MAGISTRATE JUDGE KEMP
et al.,
                                         :

    Defendants.

<u>OPINION AND ORDER</u>

    Plaintiffs Yvonne and Bradley Watson filed this action for damages and injunctive relief against three defendants asserting claims for breach of contract, violations of the Fair Credit Reporting Act, and willfully filing a fraudulent information return in contravention of 26 U.S.C. §7434.  Two of the defendants, Experian Information Solutions, Inc., and Citibank (South Dakota), N.A., filed motions for summary judgment under Fed. R. Civ. P. 56(b).  The Watsons responded to Citibank's motion, and Citibank filed a reply.  Presently before the Court are two motions filed by the Watsons - a motion to file a reply brief, an additional affidavit and for an extension of time to do so; and a motion to compel discovery and to deny summary judgment pursuant to Fed. R. Civ. P. 56(f).  For the following reasons, the Watsons' motions(##40, 41) will be denied.

                                              I.

    The Watsons request leave to file a surreply to respond to arguments raised by Citibank in its reply which call into question the admissibility of certain evidentiary materials relied upon by the Watsons in their opposition to the motion for summary judgment.  The challenged materials include the answers

to interrogatories and requests for admission tendered by another defendant, Associated Recovery Systems. The Watsons argue these responses are admissible because, in their view, ARS acted as the authorized agent of Citibank at all relevant times. Citibank, however, disputes that ARS acted as its agent and argues that the responses by ARS to the Watsons' discovery requests constitute inadmissible hearsay with respect to the claims against Citibank. The Watsons believe they can show in their proposed surreply and by a supplemental affidavit that ARS' responses are admissible as a matter of law. In addition, they wish to address Citibank's contention that the doctrine of accord and satisfaction has no bearing on their breach of contract claim.

    The Watsons have not filed a motion for summary judgment. Therefore, the Court is not being asked to find that there is no genuine issue of material fact regarding ARS's authority to act on behalf of Citibank. Although the Watsons are obligated, in responding to Citibank's summary judgment motion, to come forward with evidence in support of their claims upon which a trier of fact could reasonably find in their favor, all inferences must be considered in the light most favorable to them. In applying the standards for summary judgment to this case, the Court anticipates finding that a genuine issue of fact exists with respect to whether Citibank authorized ARS to settle its claim against Yvonne Watson for less than what its records indicated was owed on her credit card account. Accordingly, there is nothing that the Watsons could add by way of a surreply and an additional affidavit that would change the result. The question that will remain is a legal one, i.e. whether this issue of fact is material to the resolution of Citibank's summary judgment motion.

    As for the question of whether accord and satisfaction principles are applicable to the breach of contract claim, the

Court notes that the Watsons made this argument in their memorandum in opposition. The question has thus been adequately presented, and the Court can discern no good reason for further briefing on this subject.

For the above reasons, the Court finds that the Watsons have failed to show good cause for filing an additional memorandum beyond that permitted by S.D. Ohio Civ. R. 7.2(a). The Court notes, however, that Ms. Watson submitted an additional affidavit on August 8, 2008. Although this affidavit was offered in conjunction with the motion to compel, many of the averments deal with substantive issues regarding the Watsons' claims against Citibank. Notwithstanding the denial of the plaintiffs' motion to file a surreply, the Court will consider Ms. Watson's additional affidavit in deciding the motion for summary judgment to the extent that it is appropriate to do so.

II.

On August 8, 2008, the Watsons also filed a motion seeking an order compelling Citibank to respond fully to their interrogatories, requests for admission, and request for production of documents and awarding them sanctions pursuant to Fed. R. Civ. P. 37(c). In their motion, they further argue that summary judgment should be denied because Citibank has failed to provide them with adequate discovery. In the alternative, the Watsons seek a continuance to enable them to obtain affidavits, take depositions, and procure other discovery necessary to their case.

III.

S.D. Ohio Civ. R. 37.1, which supplements the procedures mandated by Fed.R.Civ.P. 37(c)(1), provides that discovery-related motions shall not be filed unless counsel have first exhausted all extrajudicial means to resolve their differences. Once such extrajudicial means are exhausted, a party may seek an

informal telephone conference with the Court.  If, after this informal telephone conference, the dispute is still not resolved, a party seeking discovery may then file a motion to compel pursuant to Fed. R. Civ. P. 37(a). See S.D. Ohio Civ. R. 37.2. The motion shall be accompanied by a supporting memorandum and a certification by counsel of the extrajudicial means that have been attempted. Id.

The Watsons failed to comply with the procedural requirements of S.D. Ohio Civ. R. 37.1.  Their certification that they have conferred with counsel for Citibank in good faith to obtain the requested discovery without court intervention is clearly inadequate and the Watsons did not seek an informal telephone conference prior to filing their motion to compel.

The extrajudicial means outlined by the Watsons for resolving their discovery dispute consist solely of a series of emails sent to Citibank's counsel. The first of these emails was sent on April 15, 2008, the same day Citibank served its answers to the Watsons' first requests for admissions, first set of interrogatories, and first request for production of documents. Not coincidentally, this date was also the deadline established for completion of discovery.  In this email, Ms. Watson expressed her disappointment at Citibank's responses which she regarded as "very barren and obstructive" and offered to grant an extra week for Citibank to supplement its responses before being forced to file a motion to compel.  The next email was not sent until two months later. Ms. Watson stated in her June 15, 2008 missive that she was asking for the "promised" discovery one final time. On June 28, 2008, she sent another email complaining that none of her discovery requests had been properly or sufficiently answered and that Citibank had been generally uncooperative in the discovery process.  She asked Citibank to revisit each of the plaintiffs' discovery requests and provide her with full and

complete responses and documentation. On July 8, 2008, the day after the Watsons filed their original memorandum contra summary judgment, Ms. Watson again emailed Citibank's counsel objecting to the defendant's failure to produce certain documents that it had allegedly promised to produce and seeking revised answers to the plaintiffs' interrogatories and requests for admission. Ms. Watson informed counsel that if Citibank did not properly respond by the close of business on July 11, 2008, she would file a motion to compel and ask the Court to disallow all of Citibank's evidence, including the affidavits submitted in support of its motion for summary judgment. On Saturday August 2, 2008, at 8:56 p.m., Ms. Watson asked to see certain records the next day at 3:00 p.m. In her last email dated August 6, 2008, Ms. Watson referred to records that Citibank made available to her the previous day and said she knew for a fact that many of the documents were missing from Citibank's file. She asked that these missing documents be produced. No other communications between the Watsons and Citibank's counsel have been provided.

The Watsons' failure to satisfy the necessary prerequisites of Local Rule 37.1 is alone sufficient to deny their motion to compel. See <u>Stone v. Jo-Ann Stores, Inc.</u>, 193 F.R.D. 514, 517 (N.D. Ohio 2000). It is, however, not the only reason. As noted earlier, the discovery deadline in this case was April 15, 2008. The Court specifically advised the parties to conduct their discovery in such a way as to require all responses to be served prior to this cut-off date and that any motions relating to discovery should be filed within this time period unless impracticable to do so. Although the Watsons commenced this action on August 8, 2007, they apparently did not serve their first discovery requests until March 16, 2008. Citibank timely responded to these requests on April 15, 2008, the last day for discovery. On May 15, 2008, the Court, at the parties' request,

extended the deadline for filing motions for summary judgment an additional thirty days to June 16, 2008.  In their stipulated order, the parties explained that the Watsons were awaiting documents requested from third parties and that defendants Experian and ARS were awaiting entry of an agreed protective order before completing their document productions to the Watsons. There was no mention of any problems related to the discovery requests served on Citibank. Citibank went on to file its summary judgment motion on June 16, 2008.  It was not until seven weeks after this motion was filed and more than four weeks after the Watsons filed their opposition that the discovery dispute was brought to the attention of the Court.  The Watsons' argument that they were denied discovery is, therefore, "too little and too late." See Rivera-Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 14 (1st Cir. 1997)(district court did not abuse its discretion in its discovery-related decisions where plaintiff did not argue need for additional discovery until after he filed his opposition to summary judgment).

IV.

The Court next turns to the Watson's request for a continuance of the summary judgment proceedings under Rule 56(f). Rule 56 of the Federal Rules of Civil Procedure provides in relevant part:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).

In Plott v. General Motors Corp.,71 F.3d 1190 (6th Cir.

1995),the Sixth Circuit Court of Appeals identified five factors impacting the decision to grant relief under Fed. R. Civ. P. 56(f). These factors include (1) when the movant first learned of the issue that is the subject of its desired discovery; (2) whether the desired discovery would change the outcome of the summary judgment motion; (3) the length of the discovery period; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the party from whom discovery was sought was responsive. Id. at 1196-97 (internal citations omitted).

Here, the Watsons were aware of the issue of ARS's agency relationship with Citibank from the very beginning of this case and first encountered the alleged inadequacy of Citibank's responses to their discovery requests on April 15, 2008, the same day such responses were served. Thus, they knew of this discovery problem two months before Citibank filed its motion for summary judgment. Despite this knowledge, they still did not file their Rule 56(f) motion for a full month after they already had filed their memorandum contra summary judgment. "[A] Rule 56(f) motion normally should precede or accompany the response to the summary judgment motion or follow as soon as practicable thereafter." Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 44 (1st Cir. 1998). The Watsons' Rule 56(f)motion is thus untimely.

To satisfy the second factor, the party opposing summary judgment must show how postponement of a ruling on the motion will enable him to refute the moving party's entitlement to judgment. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 409 (6th Cir. 1998). While the Watsons contend that the requested discovery is essential to justify their opposition to Citibank's summary judgment motion, it is clear from their memorandum in support and Ms. Watson's additional affidavit that the only issues that would be impacted by this supplemental discovery are

-7-

the precise business arrangements between ARS and Citibank and whether, due to their alleged agency relationship, ARS' answers to interrogatories and requests for admission are admissible against Citibank as the admissions of a party opponent, and not hearsay.  Because the Court will likely assume that such a relationship existed between ARS and Citibank for purposes of Citibank's summary judgment motion, this additional discovery will not change the outcome of that motion.

     The parties filed their discovery plan pursuant to Fed. R. Civ. P. 26(f) on October 15, 2007. The Court adopted their recommended date for completing discovery, and thus they had six months to conduct discovery.  Even after April 15, 2008, the parties were free to engage in voluntary discovery efforts, and, in fact, the Court facilitated such voluntary exchanges by extending the date for filing dispositive motions. "Where the full period for pretrial discovery has run its course, a party should generally be precluded from reopening discovery months after it has closed in a last-ditch effort to salvage a deficient claim." <u>Majewski v. Automatic Data Processing, Inc.</u>, 274 F.3d 1106, 1114 (6th Cir. 2001).

     The Watsons were apparently dilatory in their discovery efforts and did not serve their first discovery requests until some thirty days before the deadline expired.  They did not exhaust extrajudicial means for resolving their discovery dispute with Citibank during the two months between their receipt of Citibank's responses and the filing of Citibank's motion for summary judgment and instead waited another seven weeks before filing their Rule 56(f) motion. "Rule 56(f) is not a substitute for the diligent pursuit of discovery." <u>Reyes v. Wilson Memorial Hosp.</u>, 102 F.Supp.2d 798, 825 (S.D. Ohio 1998).  This Court will not grant the Watsons relief under this rule simply to spare them from their own lack of diligence. <u>See</u> <u>id</u>. (citation omitted).

The Court will entertain the notion that Citibank was unresponsive to at least some of the Watsons' discovery requests. Because each of the other four factors militates against granting relief under Fed. R. Civ. P. 56(f), however, the Court will deny the Watsons' motion.

V.

Based on the foregoing, the Court DENIES the plaintiffs' motion to file a reply brief, an additional affidavit and for an extension of time to do so (#40); and the plaintiffs' motion to compel discovery and to deny summary judgment(#41).

/s/ Terence P. Kemp
United States Magistrate Judge